IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| BAMBULAB USA, INC.,<br>SHENZHEN TUOZHU TECHNOLOGY CO., LTD.,<br>SHANGHAI LUNKUO TECHNOLOGY CO., LTD.,<br>BAMBULAB LIMITED, AND<br>TUOZHU TECHNOLOGY LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>STRATASYS, INC.,<br><br>Defendant. | Civil Action No. 1:24-cv-01511-RP<br><br>JURY TRIAL DEMANDED |
| STRATASYS, INC.,<br><br>Counterclaimant Plaintiff,<br><br>v.<br><br>BAMBULAB USA, INC.,<br>SHENZHEN TUOZHU TECHNOLOGY CO., LTD.,<br>SHANGHAI LUNKUO TECHNOLOGY CO., LTD.,<br>BAMBULAB LIMITED, AND<br>TUOZHU TECHNOLOGY LIMITED,<br><br>Counterclaim Defendants. | |

**PLAINTIFFS' ANSWER TO DEFENDANT'S
COUNTERCLAIMS AND AFFIRMATIVE DEFENSES**

Plaintiffs BambuLab USA, Inc., Shenzhen Tuozhu Technology Co., Ltd., Shanghai

Lunkuo Technology Co., Ltd., BambuLab Limited, and Tuozhu Technology Limited (collectively

"Bambu") hereby submit their Answer to Defendant/Counterclaim Plaintiff Stratasys, Inc.'s

("Stratasys") Counterclaims.  Any and all allegations contained in Stratasys's Counterclaims not

admitted in this Answer are denied.  In several paragraphs of the counterclaims, Stratasys cites to

1

various documents which allegedly support its allegations.  Counterclaim Defendants take no position as to whether those citations are accurate.  To the extent a response to the citations is needed, they are denied.  Bambu reserves the right to raise additional defenses based on further discovery and subsequent factual developments in this case.

## GENERAL DENIAL

Bambu denies all allegations in Stratasys's Counterclaims except for those specifically admitted below.  With respect to the allegations made in the Counterclaims, upon knowledge with respect to Bambu's own acts, and on information and belief as to other matters, Bambu responds and alleges as follows:

## ANSWER TO COUNTERCLAIMS

### Nature of the Action

1.      Bambu admits that this is an action for declaratory judgment that arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02.

2.      Bambu admits that this action includes its declaratory judgment claims, as asserted in the complaint, that seeks declarations regarding non-infringement of patents pursuant to the Patent Laws of the United States, Title 35 of the United States Code, involving U.S. Patent Nos. 9,168,698;  10,556,381;  10,569,466;  11,167,464;  8,562,324;  8,747,097;  9,421,713; 7,555,357;  9,592,660; and/or 11,886,774.  Bambu denies that it has committed any acts of infringement.

### Parties

3.      Upon information and belief, Bambu admits Counterclaim-Plaintiff Stratasys, Inc. is a corporation organized under the laws of Delaware with a place of business at 7665 Commerce Way, Eden Prairie, Minnesota. Bambu admits Stratasys, Inc. holds itself out as the owner of the

2

Patents-in-Suit. Bambu is without sufficient information to form a belief as to the remaining allegations in Paragraph 3, and on that basis denies them.

4. Admitted that Counter-Defendant BambuLab USA is a Texas corporation with a principal place of business at 8000 Centre Park Dr, Austin, Texas 78754

5. Admitted that Counter-Defendant Shenzhen Tuozhu Technology Co., Ltd. (深圳拓竹科技有限公司) is a company organized and existing under the laws of the People's Republic of China, that Shenzhen Tuozhu operates under the brand name "Bambu Lab" and holds itself forth under the English name Shenzhen Bambu Lab Co., Ltd., and that name does not appear separately in China's National Enterprise Credit Information Publicity System.

6. Admitted that Counter-Defendant Shanghai Lunkuo Technology Co., Ltd. (上海轮廓科技有限公司) is a company organized and existing under the laws of the People's Republic of China. Denied that Shanghai Lunkuo conducts business, either directly or through its agents, on an ongoing basis in this judicial district or elsewhere in the United States. Admitted that Shanghai Lunkuo holds itself forth under the English name Shanghai Contour Technology Co., Ltd., and that name does not appear separately in China's National Enterprise Credit Information Publicity System.

7. Admitted that Counter-Defendant Bambulab Limited is a company organized and existing under the laws of Hong Kong SAR, China, and is a wholly-owned subsidiary of Shenzhen Tuozhu Technology Co., Ltd.

8. Admitted that Counter-Defendant Tuozhu Technology Limited, is a company organized and existing under the laws of Hong Kong SAR, China, and is a wholly-owned subsidiary of Shenzhen Tuozhu Technology Co., Ltd.

9. Admitted that Defendants are technology companies that focus on 3D printers.

3

**Jurisdiction and Venue**

10.    Bambu admits that this action includes its declaratory judgment claims, as asserted in the complaint, that seeks declarations regarding non-infringement of patents pursuant to the Patent Laws of the United States, Title 35 of the United States Code, involving U.S. Patent Nos. 9,168,698; 10,556,381; 10,569,466; 11,167,464; 8,562,324; 8,747,097; 9,421,713; 7,555,357; 9,592,660; and/or 11,886,774.  Bambu denies that it has committed any acts of infringement.

11.    Admitted this Court has subject matter jurisdiction over Bambu's declaratory judgment claims.

12.    Admitted this Court has subject matter jurisdiction over Stratasys's patent infringement counterclaims.

13.    Admitted this Court has personal jurisdiction over Counter-Defendants in this action.

14.    Admitted venue for this action is proper in this District.

**Background of the Dispute**

15.    Bambu is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 15 of Stratasys's Counterclaims and therefore denies all such allegations.

16.    Bambu is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 16 of Stratasys's Counterclaims and therefore denies all such allegations.

17.    Bambu is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 17 of Stratasys's Counterclaims and therefore denies all such allegations.

18.     Bambu is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 18 of Stratasys's Counterclaims and therefore denies all such allegations.

19.     Bambu is without knowledge or information sufficient to form a belief about whether "other companies began to make and sell 3D printers that incorporate features and capabilities involving the extrusion of materials in additive layers to form 3D objects" and therefore denies all such allegations.  Bambu admits that it sells "Bambu Lab" branded 3D printers and that Bambu printers are sold in the United States through direct sales over the Internet and through resellers.

20.     Admitted that BambuLab USA sells 3D printers in the United States. Admitted that Shenzhen Tuozhu Technology Co., Ltd. and BambuLab USA provide product support to customers online and via technical support staff. Bambu denies all other allegations in Paragraph 20.

21.     Denied.

22.     Bambu admits that on its face the November 2022 blog post at https://blog.bambulab.com/answering-network-security-concerns/ states "We admit that the security design of the whole Bambu Lab system was not the best from the very beginning. The honest reason is simply that the initial team has a background in robotics, but very little experience in network security. We now understand, thanks to the community contributions, that we have underestimated this issue, and there is no excuse for this." Bambu denies all other allegations in Paragraph 22 of Stratasys's Counterclaims.

### Count I – Infringement of U.S. Patent No. 9,168,698

23.     Bambu restates and incorporates by reference the entirety of the foregoing paragraphs as if fully set forth herein.

5

24. Bambu admits U.S. Patent No. 9,168,698 (the "'698 Patent"), entitled "Three-Dimensional Printer With Force Detection," states that it was issued by the United States Patent and Trademark Office on October 27, 2015.  Bambu denies it was duly and legally issued.  Bambu denies all other allegations in Paragraph 24 of Stratasys's Counterclaims.

25. Bambu admits that the '698 Patent on its face states that it claims priority to provisional application No. 61/719,874 filed on October 29, 2012.

26. Bambu is without sufficient information to form a belief as to the allegations in Paragraph 26, and on that basis, denies them.

27. Bambu admits that the Abstract of the '698 Patent states "[a]n extruder or other tool head of a three-dimensional printer is instrumented to detect contact force against the extruder, such as by a build platform or an object being fabricated," but otherwise denies that the allegations of Paragraph 27 provide an accurate or complete description of the patent.

28. Denied.

29. Denied.

30. Bambu admits that BambuLab USA sells 3D printers in the United States. Bambu denies that it infringes any claim of Stratasys's patents. Bambu denies all other allegations in Paragraph 30 of Stratasys's Counterclaims.

31. Bambu admits that BambuLab USA, Inc. sells the A1 3D printer, A1 mini 3D printer, P1P 3D printer, X1-Carbon 3D printer, P1S 3D printer and X1E 3D printer in the United States. Bambu admits that Shenzhen Tuozhu Technology Co. Ltd. has authorized Bambulab USA, Inc. to sell the accused products in the United States and import the accused products into the United States. Bambu denies all other allegations in Paragraph 31 of Stratasys's Counterclaims.

32. Denied.

33.     Denied.

34.     Bambu denies that it received a letter from Stratasys on August 5, 2024. Bambu denies all other allegations in Paragraph 34 of Stratasys's Counterclaims.

35.     Denied.

36.     Bambu denies that it received a letter from Stratasys on August 5, 2024. Bambu denies all other allegations in Paragraph 36 of Stratasys's Counterclaims.

37.     Bambu denies that it received a letter from Stratasys on August 5, 2024. Bambu denies all other allegations in Paragraph 37 of Stratasys's Counterclaims.

38.     Denied.

39.     Denied.

40.     Denied.

### Count II – Infringement of U.S. Patent No. 10,556,381

41.     Bambu restates and incorporates by reference the entirety of the foregoing paragraphs as if fully set forth herein.

42.     Bambu admits U.S. Patent No. 10,556,381 (the "'381 Patent"), entitled "Three-Dimensional Printer With Force Detection," states that it was issued by the United States Patent and Trademark Office on February 11, 2020.  Bambu denies it was duly and legally issued.  Bambu denies the remaining allegation of Paragraph 42 of Stratasys's Counterclaims.

43.     Bambu admits that the '381 Patent on its face states that it claims priority to provisional application No. 61/719,874 filed on October 29, 2012.

44.     Bambu is without sufficient information to form a belief as to the allegations in Paragraph 44, and on that basis, denies them.

45.     Bambu admits that the Abstract of the '381 Patent states "[a]n extruder or other tool head of a three-dimensional printer is instrumented to detect contact force against the extruder,

such as by a build platform or an object being fabricated," but otherwise denies that the allegations of Paragraph 45 provide an accurate or complete description of the patent.

46.     Denied.

47.     Denied.

48.     Bambu admits that BambuLab USA sells 3D printers in the United States. Bambu denies that it infringes any claim of Stratasys's patents. Bambu denies all other allegations in Paragraph 30 of Stratasys's Counterclaims.

49.     Bambu admits that BambuLab USA, Inc. sells the A1 3D printer, A1 mini 3D printer, P1P 3D printer, X1-Carbon 3D printer, P1S 3D printer and X1E 3D printer in the United States. Bambu admits that Shenzhen Tuozhu Technology Co. Ltd. has authorized Bambulab USA, Inc. to sell the accused products in the United States and import the accused products into the United States. Bambu denies all other allegations in Paragraph 49 of Stratasys's Counterclaims.

50.     Denied.

51.     Denied.

52.     Bambu denies that it received a letter from Stratasys on August 5, 2024. Bambu denies all other allegations in Paragraph 52 of Stratasys's Counterclaims.

53.     Denied.

54.     Bambu denies that it received a letter from Stratasys on August 5, 2024. Bambu denies all other allegations in Paragraph 54 of Stratasys's Counterclaims.

55.     Bambu denies that it received a letter from Stratasys on August 5, 2024. Bambu denies all other allegations in Paragraph 55 of Stratasys's Counterclaims.

56.     Denied.

57.     Denied.

58.    Denied.

### Count III – Infringement of U.S. Patent No. 10,569,466

59.    Bambu restates and incorporates by reference the entirety of the foregoing paragraphs as if fully set forth herein.

60.    Bambu admits U.S. Patent No. 10,569,466 (the "'466 Patent"), entitled "Tagged Build Material for Three-Dimensional Printing," states that it was issued by the United States Patent and Trademark Office on February 25, 2020.  Bambu denies it was duly and legally issued. Bambu denies the remaining allegation of Paragraph 60 of Stratasys's Counterclaims.

61.    Bambu admits denies that the '466 Patent on its face states that it claims priority to provisional application No. 61/719,874 filed on October 29, 2012.

62.    Bambu is without sufficient information to form a belief as to the allegations in Paragraph 62, and on that basis, denies them.

63.    Bambu admits that the Abstract of the '466 Patent states "[a] supply of build material such as a spool or cartridge is instrumented with a data tag that includes information about the build material. A three-dimensional printer can read the information from the tag and determine how to use the build material during fabrication of a three-dimensional object," but otherwise denies that the allegations of Paragraph 63 provide an accurate or complete description of the patent.

64.    Denied.

65.    Denied.

66.    Bambu admits that BambuLab USA sells 3D printers in the United States. Bambu denies that it infringes any claim of Stratasys's patents. Bambu denies all other allegations in Paragraph 66 of Stratasys's Counterclaims.

67.    Bambu admits that BambuLab USA, Inc. sells the A1 3D printer, A1 mini 3D printer, P1P 3D printer, X1-Carbon 3D printer, P1S 3D printer and X1E 3D printer in the United States. Bambu admits that Shenzhen Tuozhu Technology Co. Ltd. has authorized Bambulab USA, Inc. to sell the accused products in the United States and import the accused products into the United States. Bambu denies all other allegations in Paragraph 67 of Stratasys's Counterclaims.

68.    Denied.

69.    Denied.

70.    Bambu denies that it received a letter from Stratasys on August 5, 2024. Bambu denies all other allegations in Paragraph 70 of Stratasys's Counterclaims.

71.    Denied.

72.    Bambu denies that it received a letter from Stratasys on August 5, 2024. Bambu denies all other allegations in Paragraph 72 of Stratasys's Counterclaims.

73.    Bambu denies that it received a letter from Stratasys on August 5, 2024. Bambu denies all other allegations in Paragraph 73 of Stratasys's Counterclaims.

74.    Denied.

75.    Denied.

76.    Denied.

### Count IV – Infringement of U.S. Patent No. 11,167,464

77.    Bambu restates and incorporates by reference the entirety of the foregoing paragraphs as if fully set forth herein.

78.    Bambu denies U.S. Patent No. 11,167,464 (the "'464 Patent"), entitled "Tagged Build Material For Three-Dimensional Printing," was issued by the United States Patent and Trademark Office on October 27, 2015.  Bambu denies it was duly and legally issued.  Bambu denies the remaining allegation of Paragraph 78 of Stratasys's Counterclaims.

79. Bambu admits that the '464 Patent on its face states that it claims priority to provisional application No. 61/719,874 filed on October 29, 2012.

80. Bambu is without sufficient information to form a belief as to the allegations in Paragraph 80, and on that basis, denies them.

81. Bambu admits that the Abstract of the '464 Patent states "[a] supply of build material such as a spool or cartridge is instrumented with a data tag that includes information about the build material. A three-dimensional printer, or a tag reader in communication therewith (directly or indirectly), can read the information from the tag for a determination as to how to use the build material during fabrication of a three-dimensional object," but otherwise denies that the allegations of Paragraph 81 provide an accurate or complete description of the patent.

82. Denied.

83. Denied.

84. Bambu admits that BambuLab USA sells 3D printers in the United States. Bambu denies that it infringes any claim of Stratasys's patents. Bambu denies all other allegations in Paragraph 84 of Stratasys's Counterclaims.

85. Bambu admits that BambuLab USA, Inc. sells the A1 3D printer, A1 mini 3D printer, P1P 3D printer, X1-Carbon 3D printer, P1S 3D printer and X1E 3D printer in the United States. Bambu admits that Shenzhen Tuozhu Technology Co. Ltd. has authorized Bambulab USA, Inc. to sell the accused products in the United States and import the accused products into the United States. Bambu denies all other allegations in Paragraph 85 of Stratasys's Counterclaims.

86. Denied.

87. Denied.

11

88.     Bambu denies that it received a letter from Stratasys on August 5, 2024. Bambu denies all other allegations in Paragraph 88 of Stratasys's Counterclaims.

89.     Denied.

90.     Bambu denies that it received a letter from Stratasys on August 5, 2024. Bambu denies all other allegations in Paragraph 90 of Stratasys's Counterclaims.

91.     Bambu denies that it received a letter from Stratasys on August 5, 2024. Bambu denies all other allegations in Paragraph 91 of Stratasys's Counterclaims.

92.     Denied.

93.     Denied.

94.     Denied.

### Count V – Infringement of U.S. Patent No. 8,562,324

95.     Bambu restates and incorporates by reference the entirety of the foregoing paragraphs as if fully set forth herein.

96.     Bambu admits U.S. Patent No. 8,562,324 (the "'324 Patent"), entitled "Networked Three-Dimensional Printing," states that it was issued by the United States Patent and Trademark Office on October 22, 2013.  Bambu denies it was duly and legally issued.  Bambu denies the remaining allegation of Paragraph 96 of Stratasys's Counterclaims.

97.     Bambu admits that the '324 Patent on its face states that it claims priority to U.S. Patent Application No. 12/858,622 filed on August 18, 2010.

98.     Bambu is without sufficient information to form a belief as to the allegations in Paragraph 98, and on that basis, denies them.

99.     Bambu admits that the Abstract of the '324 Patent states a "[t]here-dimensional fabrication resources are improved by adding networking capabilities to three-dimensional printers and providing a variety of tools for networked use of three-dimensional printers," but otherwise

12

denies that the allegations of Paragraph 99 provide an accurate or complete description of the patent.

100. Denied.

101. Denied.

102. Bambu admits that BambuLab USA sells 3D printers in the United States. Bambu denies that it infringes any claim of Stratasys's patents. Bambu denies all other allegations in Paragraph 102 of Stratasys's Counterclaims.

103. Bambu admits that BambuLab USA, Inc. sells the A1 3D printer, A1 mini 3D printer, P1P 3D printer, X1-Carbon 3D printer, P1S 3D printer and X1E 3D printer in the United States. Bambu admits that Shenzhen Tuozhu Technology Co. Ltd. has authorized Bambulab USA, Inc. to sell the accused products in the United States and import the accused products into the United States. Bambu denies all other allegations in Paragraph 103 of Stratasys's Counterclaims.

104. Denied.

105. Denied.

106. Bambu denies that it received a letter from Stratasys on August 5, 2024. Bambu denies all other allegations in Paragraph 106 of Stratasys's Counterclaims.

107. Denied.

108. Bambu denies that it received a letter from Stratasys on August 5, 2024. Bambu denies all other allegations in Paragraph 108 of Stratasys's Counterclaims.

109. Bambu denies that it received a letter from Stratasys on August 5, 2024. Bambu denies all other allegations in Paragraph 109 of Stratasys's Counterclaims.

110. Denied.

111. Denied.

112. Denied.

### Count VI – Infringement of U.S. Patent No. 8,747,097

113. Bambu restates and incorporates by reference the entirety of the foregoing paragraphs as if fully set forth herein.

114. Bambu admits U.S. Patent No. 8,747,097 (the "'097 Patent"), entitled "Networked Three-Dimensional Printer With Three-Dimensional Scanner," states that it was issued by the United States Patent and Trademark Office on June 10, 2014. Bambu denies it was duly and legally issued. Bambu denies the remaining allegation of Paragraph 114 of Stratasys's Counterclaims.

115. Bambu admits that the '097 Patent on its face states that it claims priority to U.S. Patent Application No. 12/858,622 filed on August 18, 2010.

116. Bambu is without sufficient information to form a belief as to the allegations in Paragraph 116, and on that basis, denies them.

117. Bambu admits that the Abstract of the '097 Patent states a "[t]here-dimensional fabrication resources are improved by adding networking capabilities to three-dimensional printers and providing a variety of tools for networked use of three-dimensional printers," but otherwise denies that the allegations of Paragraph 117 provide an accurate or complete description of the patent.

118. Denied.

119. Denied.

120. Bambu admits that BambuLab USA sells 3D printers in the United States. Bambu denies that it infringes any claim of Stratasys's patents. Bambu denies all other allegations in Paragraph 120 of Stratasys's Counterclaims.

14

121.   Bambu admits that BambuLab USA, Inc. sells the A1 3D printer, A1 mini 3D printer, P1P 3D printer, X1-Carbon 3D printer, P1S 3D printer and X1E 3D printer in the United States. Bambu admits that Shenzhen Tuozhu Technology Co. Ltd. has authorized Bambulab USA, Inc. to sell the accused products in the United States and import the accused products into the United States. Bambu denies all other allegations in Paragraph 121 of Stratasys's Counterclaims.

122.   Denied.

123.   Denied.

124.   Bambu denies that it received a letter from Stratasys on August 5, 2024. Bambu denies all other allegations in Paragraph 124 of Stratasys's Counterclaims.

125.   Denied.

126.   Bambu denies that it received a letter from Stratasys on August 5, 2024. Bambu denies all other allegations in Paragraph 126 of Stratasys's Counterclaims.

127.   Bambu denies that it received a letter from Stratasys on August 5, 2024. Bambu denies all other allegations in Paragraph 127 of Stratasys's Counterclaims.

128.   Denied.

129.   Denied.

130.   Denied.

### Count VII – Infringement of U.S. Patent No. 9,421,713

131.   Bambu restates and incorporates by reference the entirety of the foregoing paragraphs as if fully set forth herein.

132.   Bambu admits U.S. Patent No. 9,421,713 (the "'713 Patent"), entitled "Additive Manufacturing Method for Printing Three-Dimensional Parts With Purge Towers," states that it was issued by the United States Patent and Trademark Office on August 23, 2016.  Bambu denies

it was duly and legally issued. Bambu denies the remaining allegation of Paragraph 132 of Stratasys's Counterclaims.

133. Bambu admits that the '713 Patent on its face states that it was filed on March 8, 2013, as U.S. Patent Application No. 13/790,924.

134. Bambu is without sufficient information to form a belief as to the allegations in Paragraph 134, and on that basis, denies them.

135. Bambu admits that the Abstract of the '713 Patent states "[a] method for printing a three-dimensional part with an additive manufacturing system . . . includ[ing] performing a purge operation for each print head or deposition line switched to the operating mode" but otherwise denies that the allegations of Paragraph 135 provide an accurate or complete description of the patent.

136. Denied.

137. Denied.

138. Bambu admits that BambuLab USA sells 3D printers in the United States. Bambu denies that it infringes any claim of Stratasys's patents. Bambu denies all other allegations in Paragraph 138 of Stratasys's Counterclaims.

139. Bambu admits that BambuLab USA, Inc. sells the A1 3D printer, A1 mini 3D printer, P1P 3D printer, X1-Carbon 3D printer, P1S 3D printer and X1E 3D printer in the United States. Bambu admits that Shenzhen Tuozhu Technology Co. Ltd. has authorized Bambulab USA, Inc. to sell the accused products in the United States and import the accused products into the United States. Bambu denies all other allegations in Paragraph 139 of Stratasys's Counterclaims.

140. Denied.

141. Denied.

142.    Bambu denies that it received a letter from Stratasys on August 5, 2024. Bambu denies all other allegations in Paragraph 142 of Stratasys's Counterclaims.

143.    Denied.

144.    Bambu denies that it received a letter from Stratasys on August 5, 2024. Bambu denies all other allegations in Paragraph 144 of Stratasys's Counterclaims.

145.    Bambu denies that it received a letter from Stratasys on August 5, 2024. Bambu denies all other allegations in Paragraph 145 of Stratasys's Counterclaims.

146.    Denied.

147.    Denied.

148.    Denied.

**Count VIII – Infringement of U.S. Patent No. 7,555,357**

149.    Bambu restates and incorporates by reference the entirety of the foregoing paragraphs as if fully set forth herein.

150.    Bambu denies U.S. Patent No. 7,555,357 (the "'357 Patent"), entitled "Method For Building Three-Dimensional Objects With Extrusion-Based Layer Deposition Systems," was issued by the United States Patent and Trademark Office on October 27, 2015.  Bambu denies it was duly and legally issued.  Bambu denies the remaining allegation of Paragraph 150 of Stratasys's Counterclaims.

151.    Bambu admits that the '357 Patent on its face states that it was filed on January 31, 2006, as U.S. Patent Application No. 11/343,355.

152.    Bambu is without sufficient information to form a belief as to the allegations in Paragraph 152, and on that basis, denies them.

153.    Bambu admits that the Abstract of the '357 Patent states "[a] method of forming a three-dimensional object using an extrusion-based layered deposition system, the method

17

comprising generating a build path for building a layer of the three-dimensional object, where the build path defines a void region," but otherwise denies that the allegations of Paragraph 153 provide an accurate or complete description of the patent.

154. Denied.

155. Denied.

156. Bambu admits that BambuLab USA sells 3D printers in the United States. Bambu denies that it infringes any claim of Stratasys's patents. Bambu denies all other allegations in Paragraph 156 of Stratasys's Counterclaims.

157. Bambu admits that BambuLab USA, Inc. sells the A1 3D printer, A1 mini 3D printer, P1P 3D printer, X1-Carbon 3D printer, P1S 3D printer and X1E 3D printer in the United States. Bambu admits that Shenzhen Tuozhu Technology Co. Ltd. has authorized Bambulab USA, Inc. to sell the accused products in the United States and import the accused products into the United States. Bambu denies all other allegations in Paragraph 157 of Stratasys's Counterclaims.

158. Denied.

159. Denied.

160. Bambu denies that it received a letter from Stratasys on August 5, 2024. Bambu denies all other allegations in Paragraph 160 of Stratasys's Counterclaims.

161. Denied.

162. Bambu denies that it received a letter from Stratasys on August 5, 2024. Bambu denies all other allegations in Paragraph 162 of Stratasys's Counterclaims.

163. Bambu denies that it received a letter from Stratasys on August 5, 2024. Bambu denies all other allegations in Paragraph 163 of Stratasys's Counterclaims.

164. Denied.

165.   Denied.

166.   Denied.

### Count IX – Infringement of U.S. Patent No. 9,592,660

167.   Bambu restates and incorporates by reference the entirety of the foregoing paragraphs as if fully set forth herein.

168.   Bambu admits U.S. Patent No. 9,592,660 (the "'660 Patent"), entitled "Heated Build Platform And System For Three-Dimensional Printing Methods," states that it was issued by the United States Patent and Trademark Office on March 14, 2017.  Bambu denies it was duly and legally issued.  Bambu denies the remaining allegation of Paragraph 168 of Stratasys's Counterclaims.

169.   Bambu admits that the '660 Patent on its face states that it was filed on December 17, 2014, as U.S. Patent Application No. 14/574,237.

170.   Bambu is without sufficient information to form a belief as to the allegations in Paragraph 170, and on that basis, denies them.

171.   Bambu admits that the Abstract of the '660 Patent states "[a]n apparatus performing as a base for printing 3D objects using high temperature thermoplastics employing additive manufacturing methods," but otherwise denies that the allegations of Paragraph 171 provide an accurate or complete description of the patent.

172.   Denied.

173.   Denied.

174.   Bambu admits that BambuLab USA sells 3D printers in the United States. Bambu denies that it infringes any claim of Stratasys's patents. Bambu denies all other allegations in Paragraph 174 of Stratasys's Counterclaims.

175.    Bambu admits that BambuLab USA, Inc. sells the A1 3D printer, A1 mini 3D printer, P1P 3D printer, X1-Carbon 3D printer, P1S 3D printer and X1E 3D printer in the United States. Bambu admits that Shenzhen Tuozhu Technology Co. Ltd. has authorized Bambulab USA, Inc. to sell the accused products in the United States and import the accused products into the United States. Bambu denies all other allegations in Paragraph 175 of Stratasys's Counterclaims.

176.    Denied.

177.    Denied.

178.    Bambu denies that it received a letter from Stratasys on August 5, 2024. Bambu denies all other allegations in Paragraph 178 of Stratasys's Counterclaims.

179.    Denied.

180.    Bambu denies that it received a letter from Stratasys on August 5, 2024. Bambu denies all other allegations in Paragraph 180 of Stratasys's Counterclaims.

181.    Bambu denies that it received a letter from Stratasys on August 5, 2024. Bambu denies all other allegations in Paragraph 181 of Stratasys's Counterclaims.

182.    Denied.

183.    Denied.

184.    Denied.

### Count X – Infringement U.S. Patent No. 11,886,774

185.    Bambu restates and incorporates by reference the entirety of the foregoing paragraphs as if fully set forth herein.

186.    Bambu admits U.S. Patent No. 11,886,774 (the "'774 Patent"), entitled "Detection And Use Of Printer Configuration Information," states that it was issued by the United States Patent and Trademark Office on January 30, 2024.  Bambu denies it was duly and legally issued. Bambu denies the remaining allegation of Paragraph 186 of Stratasys's Counterclaims.

187. Bambu admits that the '774 Patent on its face states that it claims priority to U.S. Patent Application No. 14/587,548 filed on December 31, 2014.

188. Bambu is without sufficient information to form a belief as to the allegations in Paragraph 188, and on that basis, denies them.

189. Bambu admits that the Abstract of the '774 Patent states "[t]he hardware and software properties of a three-dimensional printer can be queried and applied to select suitable directly printable models for the printer," but otherwise denies that the allegations of Paragraph 189 provide an accurate or complete description of the patent.

190. Denied.

191. Denied

192. Bambu admits that BambuLab USA sells 3D printers in the United States. Bambu denies that it infringes any claim of Stratasys's patents. Bambu denies all other allegations in Paragraph 192 of Stratasys's Counterclaims.

193. Bambu admits that BambuLab USA, Inc. sells the A1 3D printer, A1 mini 3D printer, P1P 3D printer, X1-Carbon 3D printer, P1S 3D printer and X1E 3D printer in the United States. Bambu admits that Shenzhen Tuozhu Technology Co. Ltd. has authorized Bambulab USA, Inc. to sell the accused products in the United States and import the accused products into the United States. Bambu denies all other allegations in Paragraph 193 of Stratasys's Counterclaims.

194. Denied.

195. Denied.

196. Bambu denies that it received a letter from Stratasys on August 5, 2024. Bambu denies all other allegations in Paragraph 196 of Stratasys's Counterclaims.

197. Denied.

21

198.    Bambu denies that it received a letter from Stratasys on August 5, 2024. Bambu denies all other allegations in Paragraph 198 of Stratasys's Counterclaims.

199.    Bambu denies that it received a letter from Stratasys on August 5, 2024. Bambu denies all other allegations in Paragraph 199 of Stratasys's Counterclaims.

200.    Denied.

201.    Denied.

202.    Denied.

## Jury Demand

203.    This section purports to request a trial by jury and does not require a response.

## Denial of All Remaining Allegations

Except as expressly admitted herein, Bambu denies all remaining allegations in Stratasys's Counterclaims.

## Prayer for Relief

To the extent a response is required, Bambu denies that Stratasys is entitled to any of its requested relief. Bambu specifically denies that it, directly or indirectly, literally or under the doctrine of equivalents, has infringed or is infringing U.S. Patent Nos. 9,168,698; 10,556,381; 10,569,466; 11,167,464; 8,562,324; 8,747,097; 9,421,713; 7,555,357; 9,592,660; and/or 11,886,774, willfully or otherwise; specifically denies that the claims of the Asserted Patents are valid; specifically denies that Stratasys is entitled to any award of damages; specifically denies that Stratasys is entitled to attorneys' fees; and specifically denies that Stratasys is entitled to costs, prejudgment or post judgment interest, treble damages, or any other relief in this action.

## **AFFIRMATIVE DEFENSES**

Subject to the responses above, and upon information and belief, Bambu alleges and asserts the following affirmative defenses in response to the allegations in Stratasys's Counterclaims. In

22

addition to the defenses described below, subject to its responses above, Bambu specifically reserves all rights to allege additional defenses that become known through the course of discovery or otherwise.

## FIRST DEFENSE – PATENT INVALIDITY AND UNENFORCEABILITY

1. Each asserted claim of U.S. Patent Nos. 9,168,698; 10,556,381; 10,569,466; 11,167,464; 8,562,324; 8,747,097; 9,421,713; 7,555,357; 9,592,660; and/or 11,886,774 is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## SECOND DEFENSE – NO INFRINGEMENT

2. Bambu has not infringed and does not infringe, either directly or indirectly, under any theory of infringement, any valid, enforceable claim of U.S. Patent Nos. 9,168,698; 10,556,381; 10,569,466; 11,167,464; 8,562,324; 8,747,097; 9,421,713; 7,555,357; 9,592,660; and/or 11,886,774.

## SECOND DEFENSE – LIMITATION ON PATENT DAMAGES

3. Stratasys's claim for damages is statutorily limited by 35 U.S.C. § 286.

## THIRD DEFENSE – FAILURE TO STATE OF CLAIM

4. The Counterclaims fail to state a claim upon which relief may be granted against Bambu and fails to allege sufficient facts.

## FOURTH DEFENSE – PROSECUTION HISTORY ESTOPPEL

5. The claims of U.S. Patent Nos. 9,168,698; 10,556,381; 10,569,466; 11,167,464; 8,562,324; 8,747,097; 9,421,713; 7,555,357; 9,592,660; and/or 11,886,774 are barred by Stratasys's actions, representations, omissions, or other conduct before the United States Patent

23

and Trademark Office during the prosecution such that the Asserted claims are not entitled to a scope sufficient to encompass any system employed or process practiced by Bambu.

## FIFTH DEFENSE – NOT AN EXCEPTIONAL CASE

6.    Stratasys is precluded from recovering its reasonable attorneys' fees, costs, and/or increased damages under 35 U.S.C. §§ 284 or 285.

## SIXTH DEFENSE – MARKING AND NOTICE

7.    To the extent that Stratasys and any predecessors in interest to U.S. Patent Nos. 9,168,698; 10,556,381; 10,569,466; 11,167,464; 8,562,324; 8,747,097; 9,421,713; 7,555,357; 9,592,660; and/or 11,886,774 failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that Bambu's actions allegedly infringe the Asserted Patents, Bambu is not liable to Plaintiff for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the Asserted Patents.

## SEVENTH DEFENSE – LACK OF KNOWLEDGE

8.    To the extent that Stratasys asserts that Bambu indirectly infringes, either by contributory infringement or inducement of infringement, Bambu is not liable to Plaintiff for the acts alleged to have been performed before Bambu knew that its actions would cause indirect infringement.

## RESERVATION OF ADDITIONAL DEFENSES

9.    Bambu reserves the right to assert any additional defenses or counterclaims which may exist or in the future may be available based on discovery and further factual investigation in this case.

## BAMBU'S COUNTERCLAIMS IN REPLY

Bambu incorporates herein by reference the admissions, allegations, denials, and Defenses contained in its Answer above as if fully set forth herein.  For its Counterclaims in Reply against Stratasys, and upon information and belief, Bambu states as follows:

### NATURE OF THE ACTION

10.     Bambu incorporates by reference the allegations in Paragraphs 1–6 of its Complaint for Declaratory Judgment of Non-Infringement (Dkt. 1) as if fully set forth herein.

### THE PARTIES

11.     Bambu incorporates by reference the allegations in Paragraphs 7–15 of its Complaint for Declaratory Judgment of Non-Infringement (Dkt. 1) as if fully set forth herein.

### JURISDICTION AND VENUE

12.     Bambu incorporates by reference the allegations in Paragraphs 16–21 of its Complaint for Declaratory Judgment of Non-Infringement (Dkt. 1) as if fully set forth herein.

### COUNT I: DECLARATORY JUDGMENT OF INVALIDITY U.S. PATENT NO. 9,168,698

13.     Bambu repeats and realleges each of the allegations in the foregoing paragraphs as if fully set forth herein.

14.     All claims of the '698 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

15.     As one example, claim 1 of the '698 Patent is invalid because all elements of the claim were taught in prior art, and it would have at least been obvious to a person of ordinary skill in the art to combine those teachings to practice the claimed invention.

25

16.     U.S. Patent 6,986,739 ("Warren") titled "Architecture Tool and Methods of Use," filed on August 23, 2002, and issued on January 17, 2006, is prior art to the '698 Patent.

17.     Warren discloses "controlling the position of one or more elements of a depositing system that accurately determines the intensity of the contact force between a dispensing tip and a substrate surface to maintain a desired contact force between the dispenser and the substrate." Warren ¶¶ [0287], [0283–84], [0288–90].

18.     U.S. Patent Application 2007/0179656 ("Eshed") titled "Rapid Prototyping Apparatus," filed on May 2, 2004, and published on August 2, 2007, is prior art to the '698 Patent.

19.     Eshed discloses a known collision problem in which shuttle (including print head) may collide with "unwanted protuberances," when, "during construction of an object, construction material debris may fall on a construction layer." *Id.* ¶ [0171].

20.     Warren and Eshed alone or in combination render claim 1 of the '698 Patent invalid.

21.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Plaintiffs request a declaration by the Court that all claims of the '698 Patent are invalid under Title 35 of the United States Code for failing to satisfy the requirements of, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### COUNT II: DECLARATORY JUDGMENT OF INVALIDITY
### U.S. PATENT NO. 10,556,381

22.     Bambu repeats and re-alleges each of the allegations in the foregoing paragraphs as if fully set forth herein.

23.     All claims of the '381 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

26

24.     As one example, claim 1 of the '381 Patent is invalid because all elements of the claim were taught in prior art, and it would have at least been obvious to a person of ordinary skill in the art to combine those teachings to practice the claimed invention.

25.     U.S. Patent 6,986,739 ("Warren") titled "Architecture Tool and Methods of Use," filed on August 23, 2002, and issued on January 17, 2006, is prior art to the '381 Patent.

26.     Warren discloses "controlling the position of one or more elements of a depositing system that accurately determines the intensity of the contact force between a dispensing tip and a substrate surface to maintain a desired contact force between the dispenser and the substrate." Warren ¶¶ [0287], [0283–84], [0288–90].

27.     U.S. Patent Application 2007/0179656 ("Eshed") titled "Rapid Prototyping Apparatus," filed on May 2, 2004, and published on August 2, 2007, is prior art to the '381 Patent.

28.     Eshed discloses a known collision problem in which shuttle (including print head) may collide with "unwanted protuberances," when, "during construction of an object, construction material debris may fall on a construction layer." *Id.* ¶ [0171].

29.     Warren and Eshed alone or in combination render claim 1 of the '381 Patent invalid.

30.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Plaintiffs request a declaration by the Court that all claims of the '381 Patent are invalid under Title 35 of the United States Code for failing to satisfy the requirements of, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**COUNT III: DECLARATORY JUDGMENT OF INVALIDITY**
**U.S. PATENT NO. 10,569,466**

31.     Bambu repeats and re-alleges each of the allegations in the foregoing paragraphs as if fully set forth herein.

27

32.     All claims of the '466 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

33.     As one example, claim 1 of the '466 Patent is invalid because all elements of the claim were taught in prior art, and it would have at least been obvious to a person of ordinary skill in the art to combine those teachings to practice the claimed invention.

34.     U.S. Patent Application Publication No. 2006/0091199A1 ("Loughran"), titled "Retrieving information on material used in solid freeform fabrication," filed on October 29, 2004, and published on May 4, 2006, is prior art to the '466 Patent.

35.     Loughran discloses "[s]olid freeform fabrication (SFF) encompasses technologies that are employed to fabricate physical objects directly from computer-aided drafting (CAD) data sources" and that "[u]pdating both SFF systems of SFF fabricators, as well as client devices of users, can be a laborious process. Typically, the SFF systems, and sometimes the client devices, are hard coded with the information of the materials, such that the introduction of information regarding new materials into the systems and the devices is difficult to accomplish. Even if the SFF systems and client devices are soft coded with the information of the materials, users may have to remember to perform updates to retrieve information regarding new materials. Furthermore, information regarding already known materials can change over time." Loughran ¶¶ [0001], [0003].

36.     U.S. Patent Application Publication No. 2006/0127153 ("Menchik"), titled "Three-dimensional object printing" filed on November 12, 2003, and published on June 15, 2006, is prior art to the '466 Patent.

37.     Menchik discloses "various systems have been developed for computerized three-dimensional printing, wherein material for object printing is deposited in consecutive layers according to a pre-determined configuration or in selected arrays as defined by, for example, a Computer Aided Design (CAD) system connected to the printing systems. Such materials may include materials for constructing an object and materials used for constructing support structures for an object." Menchik ¶ [0003].

38.     Loughran and Menchik alone or in combination render claim 1 of the '466 Patent invalid.

39.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Plaintiffs request a declaration by the Court that all claims of the '466 Patent are invalid under Title 35 of the United States Code for failing to satisfy the requirements of, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### COUNT IV: DECLARATORY JUDGMENT OF INVALIDITY
### U.S. PATENT NO. 11,167,464

40.     Bambu repeats and re-alleges each of the allegations in the foregoing paragraphs as if fully set forth herein.

41.     All claims of the '464 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

42.     As one example, claim 1 of the '464 Patent is invalid because all elements of the claim were taught in prior art, and it would have at least been obvious to a person of ordinary skill in the art to combine those teachings to practice the claimed invention.

43. U.S. Patent Application Publication No. 2006/0091199A1 ("Loughran"), titled "Retrieving information on material used in solid freeform fabrication," filed on October 29, 2004, and published on May 4, 2006, is prior art to the '466 Patent.

44. Loughran discloses "[s]olid freeform fabrication (SFF) encompasses technologies that are employed to fabricate physical objects directly from computer-aided drafting (CAD) data sources" and that "[u]pdating both SFF systems of SFF fabricators, as well as client devices of users, can be a laborious process. Typically, the SFF systems, and sometimes the client devices, are hard coded with the information of the materials, such that the introduction of information regarding new materials into the systems and the devices is difficult to accomplish. Even if the SFF systems and client devices are soft coded with the information of the materials, users may have to remember to perform updates to retrieve information regarding new materials. Furthermore, information regarding already known materials can change over time." Loughran ¶¶ [0001], [0003].

45. U.S. Patent Application Publication No. 2006/0127153 ("Menchik"), titled "Three-dimensional object printing" filed on November 12, 2003, and published on June 15, 2006, is prior art to the '464 Patent.

46. Menchik discloses "various systems have been developed for computerized three-dimensional printing, wherein material for object printing is deposited in consecutive layers according to a pre-determined configuration or in selected arrays as defined by, for example, a Computer Aided Design (CAD) system connected to the printing systems. Such materials may include materials for constructing an object and materials used for constructing support structures for an object." Menchik ¶ [0003].

47. Warren and Eshed alone or in combination render claim 1 of the '464 Patent invalid.

30

48.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Plaintiffs request a declaration by the Court that all claims of the '464 Patent are invalid under Title 35 of the United States Code for failing to satisfy the requirements of, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**COUNT V: DECLARATORY JUDGMENT OF INVALIDITY
U.S. PATENT NO. 8,562,324**

49.    Bambu repeats and re-alleges each of the allegations in the foregoing paragraphs as if fully set forth herein.

50.    All claims of the '324 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

51.    As one example, claim 1 of the '324 Patent is invalid because all elements of the claim were taught in prior art, and it would have at least been obvious to a person of ordinary skill in the art to combine those teachings to practice the claimed invention.

52.    U.S. Patent 6,580,959 ("Mazumder"), titled "System and Method for Remote Direct Material Deposition," filed on May 19, 2000, and issued on June 17, 2003, is prior art to the '324 Patent.

53.    Mazumder discloses "[t]he need remains, however, for a system and method enabling a design team at a remote site to monitor, control and modify the fabrication process of a product at a local manufacturing site" and an invention that "utilizes advances in telecommunication and fast data transfer to control the fabrication of precisely dimensioned and intricately-detailed products through an automated, feedback-controlled, laser-aided direct material deposition (DMD) process. . ." Mazumder at 1:51-54, 1:62-66.

54.     An article titled "Distributed Rapid Prototyping – A Framework for Internet Prototyping and Manufacturing, Integrated Manufacturing Systems" ("Tay"), published in July 2000, is prior art to the '324 Patent.

55.     Tay discloses "[t]he Internet based distributed rapid prototyping architecture is a common client server model, which centers on object-oriented application model using Java and common Web tools. The four basic components of the approach are . . . Other Web tools (e.g. Virtual Network Computing, Web Cam): as an access and configuration tool for a remote server system[.]" Tay at 2.

56.     Mazumder and Tay alone or in combination render claim 1 of the '324 Patent invalid.

57.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Plaintiffs request a declaration by the Court that all claims of the '324 Patent are invalid under Title 35 of the United States Code for failing to satisfy the requirements of, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### COUNT VI: DECLARATORY JUDGMENT OF INVALIDITY
### U.S. PATENT NO. 8,747,097

58.     Bambu repeats and re-alleges each of the allegations in the foregoing paragraphs as if fully set forth herein.

59.     All claims of the '097 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

60.     As one example, claim 1 of the '097 Patent is invalid because all elements of the claim were taught in prior art, and it would have at least been obvious to a person of ordinary skill in the art to combine those teachings to practice the claimed invention.

61.     U.S. Patent 6,580,959 ("Mazumder"), titled "System and Method for Remote Direct Material Deposition," filed on May 19, 2000, and issued on June 17, 2003, is prior art to the '097 Patent.

62.     Mazumder discloses "[t]he need remains, however, for a system and method enabling a design team at a remote site to monitor, control and modify the fabrication process of a product at a local manufacturing site" and an invention that "utilizes advances in telecommunication and fast data transfer to control the fabrication of precisely dimensioned and intricately-detailed products through an automated, feedback-controlled, laser-aided direct material deposition (DMD) process. . ." Mazumder at 1:51–54, 1:62–66.

63.     The publication supporting the Álvares System, titled "WebTurning: Teleoperation of a CNC turning center through the Internet" ("Álvares"), published in 2006, is prior art to the '097 Patent.

64.     Álvares discloses "the development of systems that allow the remote manufacture of parts is important, because the client and the company that manufactures the parts can maintain contact at a distance, but in a direct manner" and "[t]he man-machine interface has a main objective to provide a realistic and intuitive supervisory control that allows: to monitor the operation continually through displays based on video or virtual environments." Álvares at 1–2.

65.     Mazumder and Álvares alone or in combination render claim 1 of the '097 Patent invalid.

66.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Plaintiffs request a declaration by the Court that all claims of the '097 Patent are invalid under Title 35 of the United States Code for failing to satisfy the requirements of, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## COUNT VII: DECLARATORY JUDGMENT OF INVALIDITY
## U.S. PATENT NO. 9,421,713

67. Bambu repeats and re-alleges each of the allegations in the foregoing paragraphs as if fully set forth herein.

68. All claims of the '713 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

69. As one example, claim 1 of the '713 Patent is invalid because all elements of the claim were taught in prior art, and it would have at least been obvious to a person of ordinary skill in the art to combine those teachings to practice the claimed invention.

70. The Dual Extruder System was publicly available at least as of October 28, 2012, and is prior art to the '713 Patent.

71. The Dual Extruder System discloses a method for printing three-dimensional objects with multiple extruders and multiple materials, wherein the extruder prints a layer of a "parking space" before printing the three-dimensional object to "plug the nozzle while the temperature changes" and to "establish the consistent flow of plastic." Dual Extruder Article (https://www.okob.net/wp/index.php/2012/10/29/dual-extruder-pla-printing/).

72. KISSlicer System was publicly available at least as of January 2012 and is prior art to the '713 Patent.

73. KISSlicer System also discloses a method for printing three-dimensional objects with multiple extruders and multiple materials, wherein the extruder prints a layer of a "wipe pillar" before printing the three-dimensional object to "clean the extruder tip" and "ensure the printer is ready." KISSlicer Quick-Start Guide

(https://webcf.waybackmachine.org/web/20120317183721/http://www.kisslicer.com:80/download.html) at 3, 5, 9–10.

74.    The Dual Extruder System and KISSlicer System alone or in combination render claim 1 of the '713 Patent invalid.

75.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Plaintiffs request a declaration by the Court that all claims of the '713 Patent are invalid under Title 35 of the United States Code for failing to satisfy the requirements of, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## COUNT VIII: DECLARATORY JUDGMENT OF INVALIDITY
## U.S. PATENT NO. 7,555,357

76.    Bambu repeats and re-alleges each of the allegations in the foregoing paragraphs as if fully set forth herein.

77.    All claims of the '357 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

78.    As one example, claim 1 of the '357 Patent is invalid because all elements of the claim were taught in prior art, and it would have at least been obvious to a person of ordinary skill in the art to combine those teachings to practice the claimed invention.

79.    U.S. Patent 5,738,817 ("Danforth"), titled "Solid freeform fabrication methods," filed on February 8, 1996, and issued on April 14, 1998, is prior art to the '357 Patent.

80.    Danforth discloses "[d]esirably, an image of the three-dimensional article is created on the computer, the image including a plurality of segments defining the article. Program signals corresponding to each of the segments are generated in a predetermined sequence for determining the movement of the dispensing apparatus and the build platform relative to one another in the first

predetermined pattern and the at least one other predetermined pattern. The at least one other predetermined pattern may include a plurality of raster segments contacting the outer boundary at points of intersection." Danforth at 3:55-64. Danforth also discloses that "another way of overcoming the formation of subperimeter voids is to insert additional layering data signals at each point where a raster scan intersects with the perimeter road of a layer." Danforth 12:14-18.

81. An article titled "Void eliminating toolpath for extrusion-based multi-material layered manufacturing" ("Qiu") and published in 2002 is prior art to the '357 Patent.

82. Qiu discloses "for extrusion based multi-material layered manufacturing (LM) processes, a CAD system has been developed which generates high quality toolpath for part fabrication. This closed loop CAD system includes solid model design and slicing, single-material toolpath generation, multi-material toolpath generation and virtual simulation modules. The solid model is sliced equally. Intelligent features and adaptive roadwidth optimum toolpath generation algorithm computes void sizes and their location and generates void free toolpath." Qiu at 38.

83. Danforth and Qiu alone or in combination render claim 1 of the '357 Patent invalid.

84. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Plaintiffs request a declaration by the Court that all claims of the '357 Patent are invalid under Title 35 of the United States Code for failing to satisfy the requirements of, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**COUNT IX: DECLARATORY JUDGMENT OF INVALIDITY**
**U.S. PATENT NO. 9,592,660**

85. Bambu repeats and re-alleges each of the allegations in the foregoing paragraphs as if fully set forth herein.

36

86.   All claims of the '660 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

87.   As one example, claim 1 of the '660 Patent is invalid because all elements of the claim were taught in prior art, and it would have at least been obvious to a person of ordinary skill in the art to combine those teachings to practice the claimed invention.

88.   U.S. Patent App. No. 2016/0075091 ("Cable"), titled "Additive Manufacturing Object Removal," filed on September 16, 2014, and published on March 17, 2014, is prior art to the '660 Patent.

89.   Cable discloses that "[a]n object can be produced by depositing a material, layer-by-layer according to a pattern, onto a surface of a substrate. The pattern in which the material is deposited may be based on three-dimensional (3D) model data that is accessed by an additive manufacturing system. Removal of the object from the substrate (dislodging the object) may be accomplished without mechanically contacting the object with a device (e.g., a tool such as a chisel, blade, etc.) or chemically contacting the object (e.g., chemically dissolving material at an interface between the object and the substrate). In an example, removal of the object from the substrate can be accomplished by flexing or bending the substrate, causing the object to dislodge, or "pop-off" of the substrate." Cable ¶ [0004].

90.   U.S. Patent No. 9,744,730 ("Comb I"), titled "Magnetic Platen Assembly for Additive Manufacturing System," filed on November 22, 2013, and issued on August 29, 2017, is prior art to the '660 Patent.

91.   Comb discloses "[g]ood adhesion is beneficial for anchoring the printed layers, thereby reducing curl and part distortions during the printing process. However, this good adhesion

can also present an issue with removal of the printed 3D part and support structure from the build substrate, particularly where the first printed layer is derived from a part material or other non-soluble material. As such, the build substrate is preferably flexible enough to allow a user to peel the build substrate from the base of the printed 3D part/support structure." Comb I at 3:65–4:5.

92.    Cable and Comb I alone or in combination render claim 1 of the '660 Patent invalid.

93.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Plaintiffs request a declaration by the Court that all claims of the '660 Patent are invalid under Title 35 of the United States Code for failing to satisfy the requirements of, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**COUNT X: DECLARATORY JUDGMENT OF INVALIDITY
U.S. PATENT NO. 11,886,774**

94.    Bambu repeats and re-alleges each of the allegations in the foregoing paragraphs as if fully set forth herein.

95.    All claims of the '774 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

96.    As one example, claim 1 of the '774 Patent is invalid because all elements of the claim were taught in prior art, and it would have at least been obvious to a person of ordinary skill in the art to combine those teachings to practice the claimed invention.

97.    U.S. Patent Application No. 2013/0329257 ("Pettis"), titled "Networked Three-Dimensional Printing," filed on June 19, 2013, and issued on December 12, 2013, is prior art to the '774 Patent.

98.     Pettis discloses querying and receiving configuration information from printers to select, modify, or create a suitable model with metadata to confirm the printer can print the model. Pettis ¶¶ [0004], [0065], [0066], [0062], [0067].

99.     U.S. Patent Application No. 2014/0117585 ("Douglas"), titled "Tagged Build Material for Three-Dimensional Printing," filed on October 28, 2013, and published on May 1, 2014, is prior art to the '774 Patent.

100.     Douglas discloses "[i]n one embodiment, the controller may make the determination of operational parameters using only the data from the data tag 304. For example, the data tag 304 may explicitly specify an extruder temperature and the controller may use the extruder temperature as an operational parameter, or the data tag 304 may identify a type of build material and the controller may calculate a suitable extruder temperature based on the type. Similarly, the controller may calculate other operational parameters such as build platform temperature, feed rate, cooling parameters, build chamber heating parameters, and so forth." Douglas at [0066].

101.     Pettis and Douglas alone or in combination render claim 1 of the '774 Patent invalid.

102.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Plaintiffs request a declaration by the Court that all claims of the '774 Patent are invalid under Title 35 of the United States Code for failing to satisfy the requirements of, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### JURY DEMAND

103.     Bambu hereby demands a trial by jury.

### PRAYER FOR RELIEF ON BAMBU'S COUNTERCLAIMS IN REPLY

WHEREFORE, Bambu prays for judgment as follows:

A.    A judgment dismissing Stratasys's Counterclaims against Bambu with prejudice;

B.    A declaration that all claims of the '698, '381, '466, '464, '324, '097, '713, '357, '660, or '774 Patents are invalid under Title 35 of the United States Code for failing to satisfy the requirements of, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112;

C.    For Bambu's costs and reasonable attorneys' fees incurred herein; and

D.    For such other and further relief as the Court may deem appropriate.


Dated:  March 11, 2025                         Respectfully submitted,

                                               */s/ David M. Barkan*

                                               Gregory P. Love (TX 24013060)
                                               greg@stecklerlaw.com
                                               STECKLER WAYNE & LOVE
                                               107 E Main Street
                                               Henderson, TX 75652
                                               Tel: (903) 212-4444

                                               Carl E. Bruce (TX 24036278)
                                               bruce@fr.com
                                               Thomas H. Reger, II (TX 24032992)
                                               reger@fr.com
                                               Aaron P. Pirouznia (TX 24098958)
                                               pirouznia@fr.com
                                               Michael A. Vincent (TX 24105738)
                                               vincent@fr.com
                                               Brandon S. Avers (TX 24135660)
                                               avers@fr.com
                                               FISH & RICHARDSON P.C.
                                               1717 Main Street, Suite 5000
                                               Dallas, TX 75201
                                               Tel: (214) 747-5070 | Fax: (214) 747-2091

                                               David M. Barkan (CA 160825)
                                               barkan@fr.com
                                               FISH & RICHARDSON P.C.
                                               500 Arguello Street, Suite 400
                                               Redwood City, CA 94063
                                               Tel: (650) 839-5070 | Fax: (650) 839-5071


40

Attorneys for Plaintiffs
BAMBULAB USA, INC., SHENZHEN
TUOZHU TECHNOLOGY CO., LTD.,
SHANGHAI LUNKUO TECHNOLOGY CO.,
LTD., BAMBULAB LIMITED, AND
TUOZHU TECHNOLOGY LIMITED

## CERTIFICATE OF SERVICE

I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served on March 11, 2025 with a copy of this document via the Court's ECF system.

*/s/ David M. Barkan*
David M. Barkan

41