# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| STRATASYS, INC., | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CASE NO. 2:24-CV-00644-JRG |
| | § | (LEAD CASE) |
| SHENZHEN TUOZHU TECHNOLOGY CO. LTD., SHANGHAI LUNKUO TECHNOLOGY CO. LTD., BAMBULAB LTD., and TUOZHU TECHNOLOGY LIMITED | § § § § § § | |
| *Defendants*. | § § | |
| STRATASYS, INC., | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CASE NO. 2:24-CV-00645-JRG |
| | § | (MEMBER CASE) |
| SHENZHEN TUOZHU TECHNOLOGY CO. LTD., SHANGHAI LUNKUO TECHNOLOGY CO. LTD., BAMBULAB LTD., and TUOZHU TECHNOLOGY LIMITED | § § § § § § | |
| *Defendants*. | § § | |
| BAMBULAB USA, INC., SHENZHEN TUOZHU TECHNOLOGY CO. LTD., SHANGHAI LUNKUO TECHNOLOGY CO. LTD., BAMBULAB LIMITED, TUOZHU TECHNOLOGY LIMITED, | § § § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CASE NO. 2:25-CV-00465-JRG |
| STRATASYS, INC., | § § | (MEMBER CASE) |
| *Defendant*. | § § § | |

**ORDER**

Before the Court is the Unopposed Motion to Consolidate (the "Motion") filed by Plaintiff Stratasys, Inc. ("Plaintiff"). (Dkt. No. 54.[1]) In the Motion, Plaintiff appears to move to (a) bifurcate Case No. 2:25-cv-00465-JRG into two trials, (b) consolidate a bifurcated half of Case No. 2:25-cv-00465-JRG with Lead Case Nos. 2:24-cv-00644-JRG for all purposes, including through trial, and (c) consolidate the other bifurcated half of Case No. 2:25-cv-00465-JRG with Member Case No. 2:24-cv-00645-JRG for all purposes, including through trial. (*Id*. at 2.) For the reasons stated herein, the Court finds that the Motion should be **GRANTED**.

I.      **BACKGROUND**

On August 8, 2024, Plaintiff filed Lead Case No. 2:24-cv-00644-JRG and Member Case No. 2:24-cv-00645-JRG against Defendants Shenzhen Tuozhu Technology Co., Ltd., Shanghai Lunkuo Technology Co., Ltd., BambuLab Limited, and Tuozhu Technology Limited ("Defendants"). (Dkt. No. 1; Case No. 2:24-cv-00645-JRG, Dkt. No. 1.) In Lead Case No. 2:24-cv-00644-JRG, Plaintiff alleges that Defendants infringe U.S. Patent No. 9,421,713; U.S. Patent No. 9,592,660; U.S. Patent No. 7,555,357; U.S. Patent No. 9,168,698; and U.S. Patent No. 10,556,381 (collectively, the "First Set of Patents"). (Dkt. No. 54 at 1.)

Similarly, in Member Case No. 2:24-00645-JRG, Plaintiff alleges that Defendants infringe U.S. Patent No. 10,569,466; U.S. Patent No. 11,167,464; U.S. Patent No. 8,747,097; U.S. Patent No. 11,886,774; and U.S. Patent No. 8,562,324 (collectively, the "Second Set of Patents"). (*Id*.)

On October 22, 2024, the Court consolidated these cases "***for all pretrial issues***." (Dkt. No. 19 at 1 (emphasis added).)

---

[1] Unless otherwise indicated, all Dkt. Nos. refer to those filed in Lead Case No. 2:24-cv-00644-JRG.

2

On December 9, 2024, however, Defendants and BambuLab USA, Inc. (collectively, "BambuLab") filed suit against Plaintiff in the United States District Court for the Western District of Court (the "WDTX case"). *BambuLab USA, Inc. et al v. Stratasys, Inc.*, No. 1:24-cv-01511-ADA, Dkt. No. 1 (W.D. Tex. Dec. 9, 2024). In the WDTX case, BambuLab sought declaratory judgment that the each of the First Set and Second Set of Patents are invalid. (Dkt. No. 54 at 1.) The district court then transferred the WDTX case to this Court, and that case is now delineated on this Court's docket as Case No. 2:25-cv-00465-JRG. (Dkt. No. 54 at 2 (citing *WDTX Case*, Dkt. No. 41).)

## II. ANALYSIS

### *(a) Bifurcation*

In the Motion, Plaintiff moves to bifurcate Case No. 2:25-cv-00465-JRG into: (a) one portion that includes "[a]ll claims, counterclaims, defenses, and responses thereto … [that are] related to the [First Set of Patents]" (the "First Portion"); and (b) another portion that includes "[a]ll claims, counterclaims, defenses, and responses thereto … [that are] related to the [Second Set of Patents]" (the "Second Portion"). (Dkt. No. 54 at 2.[2]) BambuLab has not opposed the Motion. (Dkt. No. 54 at 10; *see also* Dkt. No. 56 at 1.)

"For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." FED. R. CIV. PRO. 42(b). The Court also understands that "bifurcation is a case-specific procedural matter within the sole discretion of the district court." *Nester v. Textron, Incorporated*, 888 F.3d 151, 163 (5th Cir. 2018).

---

[2] Plaintiff has not expressly moved to bifurcate Case No. 2:25-cv-00465-JRG. However, the Court interprets the quoted language above to seek such a bifurcation.

3

The Court finds that bifurcation is warranted in this case, especially in view of Plaintiff's move to consolidate. Accordingly, Plaintiff's move to bifurcate Case No. 2:25-cv-00465-JRG in the manner specified above should be **GRANTED**.

### *(b) Consolidation*

In the Motion, Plaintiff moves to consolidate the First Portion of Case No. 2:25-cv-00465-JRG with Lead Case No. 2:24-cv-00644-JRG for all purposes, including through trial, and to consolidate the Second Portion of Case No. 2:25-cv-00465-JRG with Member Case No. 2:24-cv-00645-JRG for all purposes, including through trial. The Motion is unopposed. Indeed, BambuLab expressly provides that it "will waive the application of 35 U.S.C. § 299(a) for these consolidated cases." (Dkt. No. 56 at 1.)

Accordingly, and in light of BambuLab's waiver, the Court finds that Plaintiff's move to consolidate the above-captioned cases in the above-specified manner is reasonable and should be **GRANTED**.

### III.   CONCLUSION

In conclusion, and for the reasons stated above, the Court finds that the Motion (Dkt. No. 54) should be and hereby is **GRANTED**. Accordingly, the Court **ORDERS** that Case No. 2:25-cv-00465-JRG shall be **SEVERED AND BIFURCATED** into the First Portion and the Second Portion. The Court further **ORDERS** that the above-captioned cases shall be consolidated in the following manner:

- The above-captioned cases shall be consolidated for all pretrial purposes.
- Case No. 2:24-cv-00644-JRG shall continue to be the lead consolidated case for all pre-trial purposes, and that the member cases shall proceed according to the lead case's

docket control order for all pre-trial purposes. (*See* Case No. 2:24-cv-00644-JRG, Dkt. No. 34.)

- Post completion of all consolidated pretrial matters, the First Portion of Case No. 2:25-cv-00465-JRG shall be consolidated with Lead Case No. 2:24-cv-00644-JRG for all purposes, including through trial.

- Also post completion of all consolidated pretrial matters, the Second Portion of Case No. 2:25-cv-00465-JRG shall be consolidated with Member Case No. 2:24-cv-00645-JRG for all purposes, including through trial.

The parties are instructed to file any future filings in the **LEAD CASE**. Counsel who have not previously appeared in the Lead Case should file a Notice of Appearance in the Lead Case if they intend to be active in the consolidated case. Counsel who have appeared *pro hac vice* in the member case may file a Notice of Appearance in the Lead Case without filing an additional application or paying fee to appear *pro hac vice* in the Lead Case.

**So ORDERED and SIGNED this 19th day of August, 2025.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

5